# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

ANGEL CARDENAS MARTINEZ,

    Petitioner,

v.

TRACY JOHNS, Warden,[1]

    Respondent.

CIVIL ACTION NO.: 5:17-cv-120

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Angel Cardenas Martinez ("Martinez"), an inmate at D. Ray James Correctional Facility in Folkston, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) I have conducted a preliminary review of Maritnez's claims as required by Rule 4 of the Rules Governing Section 2254 Cases.[2] For the reasons which follow, I **RECOMMEND** that the Court **DISMISS** Martinez's Petition and **CLOSE** this case. I also **RECOMMEND** the Court **DENY** Martinez *in forma pauperis* status on appeal.

## **BACKGROUND**

In his Petition, Martinez takes issue with the Federal Bureau of Prisons' ("BOP") calculation of his current sentence. He states that he was sentenced in the United Stated District Court for the Middle District of Florida in Case Number 8:15-cr-115, on March 15, 2016. (Doc.

---

[1] The only proper respondent in this Section 2241 action is the inmate's immediate custodian—the warden of the facility where the inmate is confined. See Rumsfeld v. Padilla, 542 U.S. 426, 434–35 (2004). As Tracy Johns is the Warden at D. Ray James Correctional Facility, the Clerk is **AUTHORIZED** and **DIRECTED** to change the name of the respondent to Tracy Johns, Warden, upon the docket and record of this case.

[2] Though this is a Section 2241 action, Rule 1(b) of the Rules governing petitions brought under 28 U.S.C. § 2254 provides that the Court "may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."

1, p. 1.) He contends that the Middle District of Florida gave him bail, and he was out on pretrial release from April 21, 2015 to September 2, 2015. (Id. at p. 7.) During this time, he was subject to conditions including weekly drug testing, daily telephonic reporting to his pretrial services officer, and a curfew that required him to be at his home from 6:00 p.m. to 6:00 a.m. every day. (Id.) During the hours he was not subject to a curfew, Williams worked as a carpenter for a construction company. (Id.) Williams maintains that his time on release constitutes "home detention," and he argues that the BOP has erroneously failed to give him credit towards his sentence for the time that he was subject to these conditions. (Id. at pp. 6, 8.) He requests that this Court order that he be given 165 days credit toward his federal sentence for the time he spent in "home detention." (Id.)

## DISCUSSION

### I. Standard of Review

Pursuant to Rule 4 of the Rules governing petitions brought under 28 U.S.C. § 2254:

> The clerk must promptly forward the petition to a judge . . ., and the judge must promptly examine [the petition]. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Under Rule 2(c), "[h]abeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)). While pursuant to Federal Rule of Civil Procedure 8(a), complaints in a civil case must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," petitions for habeas corpus must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Rule 2 of Rules Governing Section 2254 Cases. In other words, habeas petitions must contain "'fact pleading' as opposed to 'notice pleading.'" Hittson v. GDCP Warden, 759 F.3d 1210, 1265 (11th Cir. 2014) (internal quotations and citations omitted).

2

"To properly fact plead, 'a petitioner must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified. These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review.'" Arrington v. Warden, GDCP, No. CV 117-022, 2017 WL 4079405, at *2 (S.D. Ga. Sept. 14, 2017) (quoting Adams v. Armontrout, 897 F.2d 332, 334 (8th Cir. 1990)). Therefore, a habeas petitioner cannot merely levy conclusory allegations but must support his claims with specific factual detail. Id. (citing James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)).

## II. Martinez Failed to Exhausted his Administrative Remedies

### A. Legal Requirements for Exhaustion

The Eleventh Circuit Court of Appeals has held that a Section 2241 petitioner's failure to exhaust administrative remedies is not a jurisdictional defect. Santiago-Lugo v. Warden, 785 F.3d 467, 474 (11th Cir. 2015); see also Fleming v. Warden of FCI Tallahassee, 631 F. App'x 840, 842 (11th Cir. 2015) ("[Section] 2241's exhaustion requirement was judicially imposed, not congressionally mandated, and . . . nothing in the statute itself support[s] the conclusion that the requirement [is] jurisdictional."). Nevertheless, the Eleventh Circuit has noted "that the exhaustion requirement is still a requirement" and that courts cannot "disregard a failure to exhaust . . . if the respondent properly asserts the defense." Santiago-Lugo, 785 F.3d at 475. Failure to exhaust administrative remedies is an affirmative defense, and inmates are not required to specially plead or demonstrate exhaustion in their complaint. Jones v. Bock, 549 U.S. 199, 216 (2007). However, the normal pleading rules still apply, and dismissal is appropriate when an affirmative defense appears on the face of a complaint—making it clear that a prisoner cannot state a claim for relief. Id. at 214–15. Thus, when a party admits in his complaint or petition that

3

he has not exhausted the grievance process, dismissal is warranted. See Okpala v. Drew, 248 F. App'x 72, 73 (11th Cir. 2007) (per curiam); Cole v. Ellis, No. 5:10-CV-00316-RS-GRJ, 2010 WL 5564632, at *3 (N.D. Fla. Dec. 28, 2010); Rashid v. Liberty Cty. Jail, No. CV410-092, 2010 WL 3239241, at *1 n.1 (S.D. Ga. May 3, 2010) ("Nothing in Jones . . . forbids the Court from dismissing a complaint pursuant to [42 U.S.C.] § 1997e(a) if it is clear from the face of the complaint that the prisoner has not exhausted all administrative remedies available to him.").

The requirement that exhaustion of remedies occur "first in an agency setting allows 'the agency [to] develop the necessary factual background upon which decisions should be based' and giv[es] 'the agency a chance to discover and correct its own errors.'" Green v. Sec'y for Dep't of Corr., 212 F. App'x 869, 871 (11th Cir. 2006) (first alteration in original) (quoting Alexander v. Hawk, 159 F.3d 1321, 1327 (11th Cir. 1998)). Furthermore, requiring exhaustion in the prison setting "eliminate[s] unwarranted federal-court interference with the administration of prisons" and allows "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Woodford v. Ngo, 548 U.S. 81, 93 (2006).[3]

The United States Supreme Court has noted exhaustion must be "proper." Id. at 92. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90–91. In other words, an institution's requirements define what is considered exhaustion. Jones, 549 U.S. at 218. It is not the role of

---

[3] Although Woodford was a civil rights suit rather than a habeas petition, the Court "noted that the requirement of exhaustion is imposed by *administrative law* in order to ensure that the agency addresses the issues on the merits." Fulgengio v. Wells, No. CV309-26, 2009 WL 3201800, at *4 (S.D. Ga. Oct. 6, 2009) (emphasis in original) (internal punctuation omitted) (quoting Woodford, 548 U.S. at 90). Thus, exhaustion requirements are applicable to habeas petitions.

the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

Thus, under the law, prisoners must do more than simply initiate grievances; they must also appeal any denial of relief through all levels of review that comprise the agency's administrative grievance process. Bryant v. Rich, 530 F.3d 1368, 1378 (11th Cir. 2008) ("To exhaust administrative remedies in accordance with the PLRA [Prison Litigation Reform Act], prisoners must 'properly take each step within the administrative process.'") (quoting Johnson v. Meadows, 418 F.3d 1152, 1157 (11th Cir. 2005)); Sewell v. Ramsey, No. CV406-159, 2007 WL 201269 (S.D. Ga. Jan. 27, 2007) (finding that a plaintiff who is still awaiting a response from the warden regarding his grievance is still in the process of exhausting his administrative remedies).

### B. Standard of Review for Exhaustion

"Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Bryant, 530 F.3d at 1374 (internal punctuation and citation omitted). Further, a judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id. In these instances, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Id. at 1376.

In Turner v. Burnside, 541 F.3d 1079 (11th Cir. 2008), the Eleventh Circuit set forth a "two-step process" that lower courts must employ when examining the issue of exhaustion of administrative remedies. First, the court is to take the plaintiff's version of the facts regarding

5

exhaustion as true. Id. at 1082. If, even under the plaintiff's version of the facts, the plaintiff has not exhausted, the complaint must be dismissed. Id. However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true. Id. Rather, "the court then proceeds to make specific findings in order to resolve the disputed factual issues[.]" Id. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083. The Eleventh Circuit has held that a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion in conjunction with a Rule 12(b)(6) motion to dismiss so long as the factual disputes do not decide the merits of the case. See Bryant, 530 F.3d at 1376–77.

### C. D. Ray James' Grievance Procedure

This Court is well familiar with the process that inmates at D. Ray James must follow to exhaust their administrative remedies. The Court has explained that process as follows:

> Inmates at D. Ray James must exhaust administrative remedies, beginning their grievance process locally with the Warden by using the contractor's grievance procedures. This involves an attempt at informal resolution, which, if unsuccessful, is followed by a formal complaint via a Step 1 administrative remedy form within twenty (20) days of the informal resolution request. An inmate may appeal the Step 1 administrative remedy to the Warden via a Step 2 administrative remedy form within five business days after the Step 1 response is returned. If the inmate is not satisfied with the resolution of the formal complaint, the inmate may appeal to the BOP's Administrator of the Privatization Management Branch, so long as the appeal involves BOP-related matters. If the inmate is not satisfied with the Privatization Administrator's response, the inmate may make a final appeal to the BOP's Office of General Counsel.

Scotton v. Johns, No. 5:16-CV-40, 2017 WL 125039, at *7 (S.D. Ga. Jan. 12, 2017) (internal record citations omitted), *report and recommendation adopted*, 2017 WL 1015332 (S.D. Ga. Mar. 15, 2017). BOP-related matters which must be pursued through all steps of this process include "sentence computations, reduction in sentences, removal or disallowance of good

6

conduct time, participation in certain programs, and an inmate's eligibility for early release." Pichardo v. Zenk, No. CV511-69, 2011 WL 5102814, at *2 n.4 (S.D. Ga. Sept. 27, 2011), *report and recommendation adopted*, 2011 WL 5103758 (Oct. 26, 2011).

### D. Analysis of Martinez's Efforts at Exhaustion

Martinez's claims in this case challenge his sentence computation, which is a BOP-related matter subject to the above described grievance process. It is clear from the plain face of Martinez's Petition that he failed to pursue any of the steps of this process, much less properly exhaust all of the steps. In his Petition, Martinez answered "No" when asked whether he appealed the decision he is challenging in his Petition, filed a grievance, or sought an administrative remedy. (Doc. 1, p. 2.) He also admits that he did not file any further appeal to any higher authority, agency, or court. (Id. at p. 3.) Further, he states that he did not file any grievance because he presented his claim to the BOP Designation and Sentence Computation Center, and has not received an answer from the Center. (Id. at pp. 2–3.) However, Martinez's inquiry to the BOP's Designation and Sentence Computation Center does not excuse his failure to fully pursue D. Ray James' administrative remedy process. See Ramirez v. Haynes, No. CV212-190, 2013 WL 831423, at *2 (S.D. Ga. Feb. 11, 2013) (rejecting Section 2241 petitioner's claim that he exhausted administrative remedies on claims that BOP miscalculated sentence by presenting claims to Designation and Sentence Computation Center, and dismissing for failure to exhaust prison's administrative remedy process), *report and recommendation adopted*, 2013 WL 837320 (S.D. Ga. Mar. 6, 2013); see also Harris v. Stansberry, No. 1:10CV1337 JCC/TRJ, 2012 WL 27437, at *8 (E.D. Va. Jan. 4, 2012) (same); Batts v. Martinez, No. CIV.A. 1:07-CV-1791, 2008 WL 170011, at *3 (M.D. Pa. Jan. 16, 2008) (same).

7

For all of these reasons, Martinez failed to properly exhaust his available administrative remedies prior to filing this action, and the Court should **DISMISS** his Petition.

## II.     Dismissal on the Merits

Even assuming Martinez's Petition was authorized procedurally, it is meritless substantively. Generally, "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of the offense for which the sentence was imposed[.]" 18 U.S.C. § 3585(b). Pursuant to Section 3585(b), Martinez seeks prior custody credit towards his sentence for the days between his arraignment and the commencement of his sentence. However, while Martinez labels his release status at this time as "home detention," it is clear from his Petition and the description of his release terms that he was actually on pretrial release with some conditions. Indeed, even if Martinez spent this time on home detention as he claims, he would not receive credit towards his sentence for those days. In Reno v. Koray, the United States Supreme Court held that "credit for time spent in 'official detention' under § 3585(b) is available only to those defendants who were detained in a 'penal or correctional facility,' [18 U.S.C.] § 3621(b), and who were subject to [the] BOP's control." 515 U.S. 50, 58 (1995); see also, Rodriguez v. Lamer, 60 F.3d 745, 747–48 (11th Cir.1995) (following Koray and holding that time spent under house arrest is not "official detention" under § 3585(b)); Jackson v. Keller, No. 2:10CV504-TMH, 2012 WL 4127627, at *2 (M.D. Ala. June 28, 2012) (time [petitioner] spent in pretrial home detention did not constitute 'official detention' within the meaning of 18 U.S.C. § 3585(b) and he is not entitled to the sentencing credit he seeks), *report and recommendation adopted*, 2012 WL 4127624 (M.D. Ala. Sept. 18, 2012). Prior to the commencement of his sentence, Martinez was not in a penal or correctional facility and he was not in the control of the

BOP or of the Attorney General. Rather, the most that he claims in his Petition is that he was "in custody of the Probation Officer who required [him] every week to make a drug test, and every day [Martinez] had to call him, [and he] had to report to him." (Doc. 1, p. 7.) These conditions fall far short of the detention contemplated by Section 3585(b) and described by the Supreme Court in Koray.

Thus, if the Court reaches the merits of Martinez's Petition, it should **DENY** his claims.

### III.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Martinez leave to appeal *in forma pauperis*. Though Martinez has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Martinez, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Martinez's Petition, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Martinez *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS** Martinez's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, and **CLOSE** this case. I also **RECOMMEND** the Court **DENY** Martinez *in forma pauperis* status on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve Martinez with a copy of this Report and Recommendation.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 31st day of October, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA